UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVIN V. BYNG,

                Petitioner,

v.

                                        9:18-CV-0994
                                        (GLS/DEP)

JAMES P. THOMPSON, Superintendent,

                Respondent.

---

APPEARANCES:                                                OF COUNSEL:

KEVIN V. BYNG
11-B-2816
Petitioner, pro se
Collins Correctional Facility
Post Office Box 340
Collins, New York 14034

HON. BARBARA D. UNDERWOOD                  MARGARET A. CIEPRISZ, ESQ.
Counsel for Respondent                              Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

DAVID E. PEEBLES
United States Magistrate Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

      On July 9, 2018, petitioner Kevin Byng filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, 1-2, Exhibits. On September 6, 2018, this Court directed respondent to answer the petition. Dkt. No. 15, Decision and Order dated 09/06/18.

On September 20, 2018, petitioner filed a motion to amend his petition and a motion to compel production of grand jury testimony. Dkt. No. 19. Respondent did not oppose the motion to amend; however, respondent did object to the discovery demand. Dkt. No. 25. The Court granted petitioner's motion to amend his petition, denied petitioner's motion to compel, and directed petitioner not to file any further submissions at this time. Dkt. No. 26, Decision and Order dated 10/30/18.

## II.     MOTION FOR SUMMARY JUDGMENT

Presently before the Court is petitioner's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 29. Petitioner argues that "there [are] no genuine dispute[s] to any material fact[s] in [his] . . . pending . . . amended petition[,]" and that he has been subjected to "purposeful[ and] . . . egregious willful delays . . . ." Dkt. No. 29 at 3. Specifically, petitioner contends that he is entitled to "either [a] full[] or partial[] grant [of] his . . . amended [habeas] petition," as his trial and appellate attorneys were ineffective (*Id.* at 4-8, 18-22); the court attorney was biased due to a conflict of interest and the judge who supervised the court attorney erred in not precluding the attorney from having any contact with petitioner's case (*Id.* at 8-14, 24-29); and the underlying grand jury indictment was defective because it was procured by prosecutorial misconduct (*Id.* at 14-15, 29-32). For the reasons discussed below, petitioner's motion is stricken.

## III.    DISCUSSION

The purpose of federal habeas corpus petitions brought pursuant to 28 U.S.C. §2254 is to test the constitutionality of confinement after either a state court conviction or a decision relating to parole or good time. Motions for summary judgment are rarely appropriate in the

context of habeas corpus actions, which are subject to specific rules. Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); *see also Whitaker v. Meachum*, 123 F.3d 714, 716 n.2 (2d Cir. 1997) (per curiam) (noting that summary judgment motions may be heard in a habeas action to the extent such motions are consistent with the Habeas Rules); *Corines v. Warden, Otisville Fed. Corr. Inst.*, No. 1:05-CV-2056, 2008 WL 4862732 at *2 (E.D.N.Y. Jun. 10, 2008) ("[A] summary judgment motion is appropriately brought in a habeas case only where the motion would avoid the need for a full review of the trial record, such as when there is a question of jurisdiction."), *adopted by* 621 F. Supp. 2d 26 (E.D.N.Y. 2008); *Mills v. Poole*, No. 1:06-CV-0842, 2008 WL 141729 at *5 (W.D.N.Y. Jan. 14, 2008) ("Mills' motions for summary judgment in this habeas proceeding are arguably inappropriate under the Rules Governing §2254 Habeas Cases which apply to all habeas petitions filed in this district[.]").

Those rules provide for (1) a petition and (2) an answer with supporting documentation from the respondent. Habeas Rules 2, 5. A petitioner may file reply papers if authorized to do so by the Court. Habeas Rules 5(e). But nothing in the Habeas Rule "contemplates the disposition of habeas petitions by motion for summary judgment." *Mitchell v. Goord*, No. 9:03-CV-0019 (GLS), 2005 WL 701096, at *3 (N.D.N.Y. Mar. 21, 2018).

Further, a habeas corpus action is decided after a complete review of the state court record. Here, petitioner's motion for summary judgment is seeking the same relief – granting petitioner's amended petition – based on the same claims he asserted in his habeas petition – ineffective assistance of counsel, judicial bias, and prosecutorial misconduct. Dkt. No. 29 at 8-16. Thus, the motion for summary judgment is duplicative and inappropriate since the

Court is again being asked to review the entire state court record, evaluate the same alleged constitutional infirmities, and grant the same relief before issuing a Decision and Order on the pending amended petition.

Even assuming relief pursuant to a motion for summary judgment was proper, which it is not, petitioner's motion would be premature because respondent has not yet answered the petition. F̲E̲D̲. R. C̲I̲V̲. P. 56(b) (providing that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). The answer is currently due on or before January 30, 2019. Dkt. Entry dated 10/30/18. Since respondent's answer is not yet due, the Court cannot say that respondent has conceded any of petitioner's arguments.

In sum, petitioner's motion for summary judgment is an inappropriate procedural vehicle to achieve the relief requested; however, the pending habeas corpus petition is not. Petitioner will again have an opportunity to address this Court and present the arguments contained within this submission. However, for now, petitioner is directed to wait until respondent has answered the petition before he files anything else in this matter. Once respondent has filed his answer to the petition, the Court will set a deadline and page limit for petitioner to file a reply memorandum of law. At that point, petitioner can chose whether or not he would like to file a reply. After the reply deadline has expired, regardless of whether petitioner chooses to file a memorandum of law, the Court will issue an order regarding the amended petition in due course.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for summary judgment (Dkt. No. 29) be **STRICKEN**; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order on the parties in accordance with the Local Rules.

David E. Peebles
U.S. Magistrate Judge

Dated: November 15, 2018
   Syracuse, New York